IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL ACTION NO. 3:22-CR-00157-KDB-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| DAVID TATUM, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Defendant's Motion for a Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure. (Doc. No. 56). The Defendant also seeks, in the alternative, a new trial under Rule 33. *Id*. The Court has reviewed the Motion, the parties' briefs and exhibits, and other relevant pleadings of record. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

The Defendant, a former child psychiatrist, was initially indicted for one count of Possession of Child Pornography under Title 18 U.S.C. Section 2252(A)(5)(B). *See* Doc. No. 3. A superseding indictment was filed that alleged one count of Possession of Child Pornography, one count of Production of Sexually Explicit Content under Title 18 U.S.C. Section 2251(a), and one count of Transporting Child Pornography under Title 18 U.S.C. Section 2252A(a)(1). *See* Doc. No. 19.

Trial began on May 2, 2023. The United States presented evidence that the Defendant made a surreptitious recording of his 15-year-old cousin (M.C.) while she undressed to take a shower at a family vacation home. The Defendant was identified as the individual who set up the video by

1

another relative. The United States presented evidence that the Defendant sought to conceal this conduct by deleting the video from his iPhone and moving the file onto an external hard drive. Evidence was also introduced that the Defendant: (1) possessed videos of minors engaging in sexual intercourse, some of which contained the phrase "PTHC" ("pre-teen hardcore"); (2) used modified pictures of former girlfriends to depict a lascivious exhibition of a minor's genitals or pubic area; and (3) recorded a former patient by directing a camera up her skirt as she sat at a table during one of her therapy sessions.

The parties agreed on the initial set of substantive instructions submitted to the jury. *See* Doc. No. 42. These instructions provided that "Child Pornography" involves the depiction of a minor "engaging in sexually explicit conduct." *Id.* at 10 (Inst. No. 9). "Engaging in sexually explicit conduct" was defined to include "the lascivious exhibition of the anus, genitals, or pubic area of any person." *Id.* at 12 (Inst. No. 11). On the agreement of the parties, the jury was further instructed that in deciding whether a particular visual depiction constituted a lascivious exhibition to consider several factors, including "[w]hether the visual depiction is intended or designed to elicit a sexual response in the viewer." *Id.* at 13.

During deliberations, the jury asked the Court one question:

Do we consider the defendant's motivation and point of view of what he thought would be "lascivious exhibition" when he took the "[M.C.]" video, or do we view the video in a vacuum to determine if the video is "lascivious exhibition"? Do we consider his parking lot interview where he admits to being a voyeur and "getting off" if we consider the video not as a stand-alone but from the defendant's point of view and his motivation for taking it?

After hearing extensive argument from both parties, the Court instructed the jury:

It is for the jury to determine whether an image or video is "lascivious" as the Court has defined it for you. In considering this question the jury may consider all of the evidence and draw reasonable inferences from the evidence. Among the circumstances the jury may consider are the selection and positioning of the subject, whether the video contains extensive nudity, including video of her breasts and

> genitals, and the entirety of the context in which the video was made, including the Defendant's motivation and intent.

*See* Doc. No. 53. Shortly after receiving this instruction, the jury returned a guilty verdict on all counts.

The Defendant has now moved for a judgment of acquittal or a new trial arguing that the evidence to support conviction on all three counts was insufficient as a matter of law and that the response to the jury question rested on "improper factors and principles, or outside the range of permissible decisions." This matter is now ripe for the Court's consideration.

## II. LEGAL STANDARD

Rule 29 of the Federal Rules of Criminal Procedure states that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). "A defendant may move for a judgment of acquittal . . . within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." *Id*. "If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." *Id*.

"A judgment of acquittal based on the insufficiency of evidence is a ruling by the court that as a matter of law the government's evidence is insufficient 'to establish factual guilt' on the charges in the indictment." *United States v. Alvarez*, 351 F.3d 126, 129 (4th Cir. 2003) (quoting *Smalis v. Pennsylvania*, 476 U.S. 140, 144, 106 S. Ct. 1745, 90 L. Ed. 2d 116 (1986)). "The test for deciding a motion for a judgment of acquittal is whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). "[I]n the context of a criminal action, substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a

conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996). Moreover, the jury, not the reviewing court, assesses the credibility of the witnesses and resolves any conflicts in the evidence presented. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Consequently, a court must deny a defendant's Rule 29 motion and accept the jury's verdict if, "after viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. United Med. & Surgical Supply Corp.*, 989 F.2d 1390, 1402 (4th Cir. 1993) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *United States v. Moore*, 843 F. App'x 498, 505 (4th Cir. 2021) (Bell, J.). A district court "should exercise its discretion to grant a new trial sparingly," and "should do so only when the evidence weighs heavily against the verdict," *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (citation omitted), or when substantial prejudice has occurred, *United States v. Jones*, 542 F.2d 186, 211 (4th Cir. 1976).

### III. DISCUSSION

To begin with, although captioned as a motion for a "judgment of acquittal," the Defendant's Motion is more properly characterized as a motion for a new trial. The Defendant's sole assignment of error is the Court's response to the jury's question about "lascivious exhibition." *See* Doc. No. 56. The Defendant makes no argument that the evidence is insufficient. Accordingly, Defendant has abandoned any contention concerning the sufficiency of the evidence and the Court will consider the Motion under Rule 33 rather than Rule 29.

4

Turning to the Court's challenged response to the jury's question, the Court finds that it fairly and accurately answered the jury's question without creating prejudice. The Defendant agreed to instruct the jury that lascivious exhibition "means a depiction that displays or brings to view to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer." *Id*. at 13 (Inst. No. 12). Recognizing that applying this definition is not always easy, the parties jointly proposed the six factors articulated in *United States v. Dost* as guidelines for the jury in determining whether a depiction met this definition. *Id*. These factors are: (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer. *United States v. Eychaner*, 326 F. Supp. 3d 76, 91 (E.D. Va. 2018). The jury perceptively pinpointed the apparent incongruity of the sixth and final factor. The first five factors seem to be objective, while the sixth factor could be either objective or subjective. The jury therefore asked whether they could consider the Defendant's subjective intent in determining whether the surreptitious recording of M.C. constituted a "lascivious exhibition."

As the parties acknowledged during their trial arguments, the circuits are split on this issue. *See United States v. Wells*, 843 F.3d 1251, 1255 (10th Cir. 2016) (explaining that "lasciviousness is not a characteristic of the child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles") (citation omitted); *United States v. Holmes*, 814 F.3d 1246, 1251–52 (11th Cir. 2016) ("depictions of otherwise innocent

5

conduct may in fact constitute a 'lascivious exhibition of the genitals or pubic area' of a minor based on the actions of the individual creating the depiction"); *but see United States v. Hillie*, 38 F.4th 235 (D.C. Cir. 2022) ( defining "lascivious exhibition" as "the minor displayed his or her anus, genitalia, or pubic area in a manner connoting that the minor, or any person or thing appearing with the minor in the image, exhibits sexual desire or an inclination to engage in any type of sexual activity."); *United States v. Heinrich*, 57 F.4th 154, 161 (3d Cir. 2023) (finding that the *Dost* factors are "objective" and that "[i]t does not matter whether the defendant subjectively intended the conduct or depiction to be 'sexually explicit' or 'lascivious.'"). The Fourth Circuit has yet to weigh in on this divisive issue. *See United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019) (declining to "define the parameters of any subjective-intent inquiry").

That said, the Fourth Circuit has provided some guidance to district courts. In *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019), while deciding not to take sides in the subjective-objective quarrel, the Fourth Circuit noted several "objective" factors that could be taken into account with respect to the defendant's intent in creating a surreptitious bathroom video. The *Courtade* Court looked to the defendant's deceit, manipulation, and careful directing and filming of the victim's breasts and genitals in finding that the video's purpose was to excite lust or arouse sexual desire in the viewer. *Id*. at 193. The Court also looked to the defendant's efforts to position the camera in a way that ensured that the video captured the victim's breasts and genitals. *Id*. While the *Courtade* Court decided that case on the "objective" aspects of the video, its reasoning also no doubt went to the defendant's motivation and intent.

This Court's instruction closely tracked the Court's reasoning in *Courtade*. The Court instructed the jury to consider "the selection and positioning of the subject, whether the video contains extensive nudity, including video of her breasts and genitals, and the entirety of the

6

context in which the video was made including the Defendant's motivation and intent." Thus, the Court's response adheres to the Fourth Circuit's decision in *Courtade*. Moreover, the Court's duty in responding to a jury question is to clarify the source of confusion fairly and accurately. *See United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016). If the Court had failed to address the issue of the Defendant's intent (e.g., by simply leaving the jury to decide the issue based on the earlier instruction they found ambiguous), the Court would not have addressed the source of the jury's confusion.

The Court is persuaded that a defendant's intent is a relevant consideration. Child pornography often consists of conduct that, but for the intent of the producer, is innocent (such as perfectly appropriate home movies of young children bathing). The "lascivious exhibition" is not the work of the child, whose innocence is not in question, but of the producer or editor of the video. *See United States v. Horn*, 187 F.3d 781 (8th Cir. 1999). Put another way, lasciviousness is not a characteristic of the child photographed but of the "exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles." *See United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir.), *cert. denied*, 484 U.S. 856, 108 S. Ct. 164, 98 L. Ed. 2d 118 (1987). To find otherwise would ignore the clear exploitative nature of these images and require an innocent child to exhibit lust, wantonness, sexual coyness, or other inappropriate precocity. This would be a perversion of the statute. *See United States v. Wolf*, 890 F.2d 241, 246 (10th Cir. 1989).

The Defendant's reliance on *Hillie* is unpersuasive.[1] *Hillie*'s interpretation of lascivious exhibition, which focuses on the minor's "sexual desire" or "inclination to engage in sexual

---

[1] The Defendant also relies on *United States v. McCoy*, 55 F.4th 658 (8th Cir. 2022). However, *McCoy* is no longer good law because the opinion was vacated after the Eighth Circuit decided to rehear the case *en banc*. *See* United States v. McCoy, 2023 U.S. App. LEXIS 5920, 2023 WL 2440852, at *1 (8th Cir. Mar. 10, 2023). Nevertheless, the Court finds its conclusion that it was not relevant "whether the videos were intended to appeal to the defendant's particular sexual

activity," finds no support in any other circuit. *Hillie*, 38 F.4th at 243 (Rao, J. dissenting). This definition also ignores sections of the production statute which target an offender who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . [the lascivious exhibition of the genitals]." 18 U.S.C. § 2251(a). By solely focusing on the minor's conduct these verbs are rendered seemingly meaningless. *Hillie*'s definition also fails to recognize that the lascivious exhibition of the genitals can be of any person, not merely a minor. *See* 18 U.S.C. § 2256(2)(A)(v) ("'sexually explicit conduct' means actual or simulated lascivious exhibition of the anus, genitals, or pubic area of any person"); *see, e.g., United States v. Lohse*, 797 F.3d 515, 518 (8th Cir. 2015) (upholding defendant's conviction for production when defendant filmed himself naked with his penis on or near his three-year-old victim's face while she was sleeping and clothed). In short, not only is *Hillie* non-binding but its legal conclusions are unconvincing.[2]

In sum, the Court finds that it properly instructed the jury on the Defendant's motive and intent in creating the video and therefore the Defendant was not substantially prejudiced by the instruction.

---

interest" unconvincing. As discussed above, a voyeur's intent for a video to appeal to his "peculiar lust" can support a finding that the image is of a lascivious nature. *See United States v. Boam*, No. 21-30272, 2023 U.S. App. LEXIS 13248, at *26 n.12 (9th Cir. May 30, 2023).

[2] This case is also distinguishable from those cited by the Defendant because the Defendant was charged with both the completed and attempted production of child pornography. Attempt requires the specific intent to commit the crime, which directly places Defendant's motives and intent at issue. Indeed, the Eight Circuit made this point in *McCoy* when it found that the producer's subjective intent was not relevant where the defendant was charged only with the completed offense. *See McCoy*, 55 F.4th at 662 ("Here…the jury was instructed on a completed offense under 18 U.S.C. § 2251(a) rather than attempt under 18 U.S.C. § 2251(e)"); *see also Hillie*, 38 F.4th at 241, n.1, (Kastas, J., concurring) (noting that evidence that Hillie "surreptitiously recorded girls 'by hiding a video camera in the bathroom ceiling vent and in a bedroom dresser'" could be relied upon by the jury in *attempted* production charge to "readily infer that his interest in the girls was sexual, not sartorial or urological" and "[g]iven that, the jury could further infer that Hillie hoped to capture sexually explicit conduct, not merely things like changing clothes or using the toilet.").

**IT IS THEREFORE ORDERED THAT** the Defendant's Motion for a Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure, or a New Trial under Rule 33, (Doc. No. 56), is **DENIED**.

**SO ORDERED.**

Signed: June 13, 2023

Kenneth D. Bell
United States District Judge